# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. HODGE,<br><br>        Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL,<br><br>        Respondent. | Case No. CV 20-2257-TJH (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On March 9, 2020, Mark A. Hodge ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), in which he challenges his 1996 state court judgment of conviction in Los Angeles County Superior Court Case No. YA029417 (the "1996 conviction"). (Petition at 2.) Petitioner has filed at least four other petitions in this Court challenging the 1996 conviction.[1] For the reasons set forth below, the Petition must be dismissed as an unauthorized successive habeas petition.

---

[1] See Mark Hodge v. Cheryl Pliler, CV 00-5688-TJH (JWJ); Mark Hodge v. M.D. Bider, CV 11-0976-TJH (JEM); Mark Hodge v. C. Gibson, CV 12-9049-TJH (JEM); Mark Hodge v. Warden, CV 15-7504-TJH (JEM).

# PROCEEDINGS

## The 1996 Conviction

On November 18, 1996, Petitioner was convicted in Los Angeles County Superior Court of carjacking, second degree robbery, and misdemeanor hit-and-run driving (Cal. Penal Code §§ 215, 211; Cal. Veh. Code § 20002A). The court sentenced Petitioner under California's Three Strikes law to thirty-five years to life in state prison. (Petition at 2; Report and Recommendation in Case No. CV 00-5688-TJH (JWJ), filed May 13, 2002 ("May 2002 R&R") at 1-2.)[2]

## State Post-Conviction Proceedings

Petitioner appealed his conviction, which was affirmed by the California Court of Appeal on November 7, 1997. (Petition at 2-3; May 2002 R&R at 2.)

Petitioner filed a petition for review in the California Supreme Court, which was denied on January 28, 1998. (Petition at 3; May 2002 R&R at 2.)

Thereafter, Petitioner exhausted his remedies in state court. (May 2002 R&R at 2.)

## Federal Habeas Proceedings

On May 25, 2000, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, Mark Hodge v. Cheryl Pliler, Warden, Case No. CV 00-5688-TJH (JWJ) ("2000 Federal Petition"), in which he attacked the 1996 conviction.[3]

On May 13, 2002, the Magistrate Judge filed a Report and Recommendation recommending that the 2000 Federal Petition be denied on the merits and dismissed with prejudice. On June 6, 2002, the District Judge issued an Order adopting the Report and Recommendation and entered Judgment denying the 2000 Federal Petition and dismissing it with prejudice.

---

[2] Petitioner initially was sentenced to 47 years to life in state prison. On appeal, his sentence was reduced to 35 years to life. (Petition at 3; May 2002 R&R at 2-3.)

[3] The Court takes judicial notice of its own files and records in the case Mark Hodge v. Cheryl Pliler, Warden, Case No. CV 00-5688-TJH (JWJ).

On March 9, 2020, Petitioner filed the instant Petition, which also attacks the 1996 conviction.

**DISCUSSION**

**I.  DUTY TO SCREEN**

This Court has a duty to screen habeas corpus petitions.  See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72-3.2.  The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'"  See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

**II.  THE PETITION IS SUBJECT TO SUMMARY DISMISSAL AS A SECOND OR SUCCESSIVE PETITION**

The Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); <u>see also</u> Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

The Petition challenges the validity of the 1996 conviction and, therefore, it is a second or successive petition.[4] "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." <u>Magwood v. Patterson</u>, 561 U.S. 320, 330-31 (2010). There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second

---

[4] Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or successive section 2254 petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Rule 22-3(a) also permits the district court to refer a second or successive 2254 petition to the Ninth Circuit in the interests of justice. In this case, there is no indication that the instant Petition is actually an application for authorization to file a second or successive petition that was mistakenly filed here, and the Court declines to construe it as such. The Court also does not find that it is in the interests of justice to refer the Petition to the Ninth Circuit under Rule 22-3(a) because the Petition is patently frivolous, it is Petitioner's fourth successive habeas petition, he has already been advised of the requirement to seek the Ninth Circuit's permission prior to filing another habeas petition challenging his 1996 conviction, and his previous attempt to gain such permission has been denied by the Ninth Circuit (<u>see infra</u> note 5). If Petitioner seeks authorization to file a successive habeas petition, he should submit his application directly to the Ninth Circuit in compliance with Ninth Circuit Rule 22-3.

or successive petition.[5] "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam). Because the Petition is a "second or successive" petition, the Court cannot consider it on the merits. See Magwood, 561 U.S. at 331 ("if [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals[]"); accord Burton, 549 U.S. at 152. Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if he obtains permission from the Ninth Circuit to file a successive petition.[6]

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice as an unauthorized second or successive petition. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

---

[5] On September 13, 2007, the Ninth Circuit issued an Order denying Petitioner's application for authorization to file a second or successive habeas petition. Hodge v. Pliler, CV 00-5688-TJH (JWJ), Docket No. 45. Thus, it is clear that Petitioner is aware of the requirement to obtain the Ninth Circuit's authorization before filing another petition challenging the 1996 conviction.

[6] If Petitioner obtains the Ninth Circuit's permission to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If Petitioner files a new petition, the Court will give it a new case number.

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: March 27, 2020

*Terry J. Hatter, Jr.*
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE